IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


RONNIE WILLIAM SAMPSON, III,    )
       )
    Plaintiff,    )
       )
    v.    )    Civil Action No. 21-287-E
       )
KILOLO KIJAKAZI,    )
*Acting Commissioner of Social Security*,    )
       )
    Defendant.    )


O R D E R


AND NOW, this 15th day of February, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]    Although Plaintiff largely frames his argument as one alleging that the Administrative Law Judge ("ALJ") erred as a matter of law in failing to properly consider the medical evidence

in formulating Plaintiff's residual functional capacity ("RFC"), in reality his argument is essentially that substantial evidence does not support the ALJ's analysis.  In any event, the Court finds no merit in Plaintiff's contentions and will affirm.

Plaintiff asserts that the ALJ's determination is "the product of legal error because he failed to properly weigh the opinion of Plaintiff's treating source, Wendy Jaworski, FNP-C." (Doc. No. 12-1, p. 8).  Presumably he attempts to so characterize the issue because, while the Court has plenary review of all legal issues, its review of the ALJ's findings of fact is limited to determining whether they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  It is therefore easier, in theory, for a plaintiff to establish a legal error than a factual one.  Regardless, there simply are no legal or factual errors here.

The closest Plaintiff comes to alleging legal error is in implying that FNP Jaworski's opinion (R. 1247-50) was entitled to greater weight than those of the state agency reviewers because of her status as a treating provider.  (Doc. No. 12-1, pp. 9, 10).  However, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule."  *Compare* 20 C.F.R. § 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 416.920c(a) (applying to later cases).  *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  While the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. at 5853. *See also* § 416.920c(b) and (c).  Here, the ALJ discussed FNP Jaworski's opinion and explained the reasons why he found it to be unpersuasive, specifically contrasting the opinion with objective findings in the medical records and noting that the opinion was rendered a year after Ms. Jaworski had last treated Plaintiff and therefore did not offer an accurate reflection of Plaintiff's longitudinal level of functioning.  (R. 17).  This analysis properly complied with the directives of Section 416.920c.

Moreover, the ALJ relied on several other opinions in the record in determining Plaintiff's RFC, specifically those of state agency consultants Arcadio Agudelo Hernandez, M.D., Emanuel Schrepp, Ph.D., Paul Fox, M.D., and Melissa Lynn Franks, Psy.D.  (R. 17). Even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit."  *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).  *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005).  In certain cases, the ALJ was justified in giving more weight to the non-examining professional's opinion.  *See Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005).  Regardless, although the ALJ considered the opinions of Drs. Hernandez, Schrepp, Fox, and Franks and found them to be somewhat persuasive, he did not adopt them wholesale.  Indeed, the RFC formulated by the ALJ was actually more restrictive in some ways than the opinions of any of the state reviewing agents.  Balancing the evidence, including the varying opinions, is precisely what an ALJ is supposed to do.  *See Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc.

No. 13) is GRANTED as set forth herein.


s/Alan N. Bloch
United States District Judge


ecf:          Counsel of record

---

2006) ("Surveying the medical evidence to craft an RFC is part of an ALJ's duties."); *Mays v. Barnhart*, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

Accordingly, there is no basis for Plaintiff's claim that the ALJ failed to support his findings with objective evidence from the record. Further, despite Plaintiff's assertion that the ALJ's consideration of his lack of work history was faulty or mean-spirited, the Court notes that consideration of a claimant's prior work history and efforts to work are proper factors in evaluating his or her functional capacity. *See* Social Security Ruling 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016); *Mastrocesare v. Saul*, No. CV 20-347, 2021 WL 2434587, at *1 n.1 (W.D. Pa. June 15, 2021). The Court notes that the ALJ did not fault Plaintiff for his work record but merely found that it did not support any greater limitations in the RFC. (R. 18).

Plaintiff provides his own analysis as to why he believes the evidence supports a more restrictive RFC finding. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, more than substantial evidence supports the ALJ's determination, as he himself discussed at length.

In making his decision, therefore, the ALJ relied on the objective medical evidence, Plaintiff's testimony, and the medical opinion evidence. All of this constitutes substantial evidence in support of the ALJ's findings, and accordingly, the Court affirms.